ATTACHMENT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<div style="text-align:right">
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
</div>

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

THUMBTACK, INC., a Delaware corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

MICHAEL RHOM, on behalf of himself and others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es:) San Francisco Superior Court<br><br>400 McAllister Street<br>San Francisco, CA 94102-4515 | CASE NUMBER:<br>(Número del Caso):<br>**CGC 16-551067** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Anthony J. Orshansky, CounselOne, 9301 Wilshire Blvd., Ste. 650, Beverly Hills, CA 90210, (310) 277-9945

| | | | |
|---|---|---|---|
| DATE:<br>(Fecha) **MAR 22 2016** | CLERK OF THE COURT | Clerk, by<br>(Secretario) DE LA VEGA-NAVARRO, Rossaly | Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

<div style="text-align:right">Page 1 of 1</div>

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1 | ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
2 | ALEXANDRIA R. KACHADOORIAN,  Cal. Bar No. 240601
alexandria@counselonegroup.com
3 | JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
4 | COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
5 | Beverly Hills, California 90210
Telephone: (310) 277-9945
6 | Facsimile:  (424) 277-3727

**F I L E D**
Superior Court of Califor...
County of San Fra...

MAR 22 2010

CLERK OF THE COURT
BY: _____
Deputy Cl...

7 | Attorneys for Plaintiff MICHAEL RHOM, on behalf of himself
and others similarly situated

8 | <center>SUPERIOR COURT OF THE STATE OF CALIFORNIA</center>

9 | <center>IN AND FOR THE COUNTY OF SAN FRANCISCO</center>

10 |

11 | MICHAEL RHOM, on behalf of himself and
others similarly situated,

Case No. **CGC 16-551067**

12 | Plaintiff,

**CLASS ACTION COMPLAINT FOR:**

13 | v.

14 | THUMBTACK, INC., a Delaware
corporation; and DOES 1 through 50,
15 | inclusive,

16 | Defendants.

(1) Violation of 15 U.S.C. section
1681b(b)(2)(A) (Fair Credit Reporting Act);
(2) Violation of 15 U.S.C. section
1681b(b)(3)(A) (Fair Credit Reporting Act);
(3) Violation of 15 U.S.C. section
1681m(a) (Fair Credit Reporting Act);
(4) Violation of California Civil Code
section 1786.16(b) (California Investigative
Consumer Reporting Agencies Act);
(5) Violation of California Civil Code
section 1786.40(a) (California Investigative
Consumer Reporting Agencies Act);
(6) Violation of 15 U.S.C. section
1681b(a) (Fair Credit Reporting Act);
(7) Violation of California Civil Code
section 1786.12 (California Investigative
Consumer Reporting Agencies Act);
(8) Violation of 15 U.S.C. sections
1681b(f), 1681e(a), 1681q (Fair Credit
Reporting Act);
(9) Violation of Cal. Bus. & Prof. Code section
17200 *et seq.*

**DEMAND FOR JURY TRIAL**

<center>CLASS ACTION COMPLAINT</center>

1  Plaintiff MICHAEL RHOM (hereinafter, "Plaintiff"), on behalf of himself and all others
2  similarly situated, complains of THUMBTACK, INC., a Delaware corporation ("Thumbtack"), and
3  DOES 1 through 50, inclusive (all defendants referred to collectively as "Defendants"), as follows.

4  ### NATURE OF ACTION

5  1. This class action arises from Thumbtack's acquisition and use of consumer and/or
6  investigative consumer reports to conduct background checks on Plaintiff and other service
7  professionals conducting business through Thumbtack's website, thumbtack.com.

8  2. Plaintiff operated a successful tree-trimming business in Florida through Thumbtack
9  and was named the number one tree-trimming business on Thumbtack in the tri-county area
10 (Seminole, Orange, Osceola Counties). However, without a proper purpose and without complying
11 with its statutory obligations, Thumbtack procured a consumer report[1] or investigative consumer
12 report[2] on Plaintiff and, based on that consumer report, terminated his membership with Thumbtack.
13 In disabling his account as a member providing professional services, Thumbtack not only prevented
14 him from obtaining tree-trimming clients but also prevented him from obtaining employment with
15 other businesses using Thumbtack.

16 3. Plaintiff's experience is not atypical. Indeed Thumbtack routinely obtains and uses
17 information from consumer reports, admittedly for "employment purposes," but fails to comply with
18 state and federal laws in doing so.

19 4. Specifically, Thumbtack fails to give service professionals clear and conspicuous
20 disclosures prior to obtaining consumer reports, fails to obtain proper authorizations, fails to provide
21 service professionals with pre-adverse action notices along with copies of their reports prior to
22 taking adverse action, and fails to give service professional post-adverse action notices, among other
23 violations.

24 ///

25 [1] Section 1681a(d)(1) of the FCRA defines "consumer report" as any oral, or other communication of any information
26 by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character,
   general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole
   or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.
27 [2] Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information
   on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any
28 means."

1

CLASS ACTION COMPLAINT

1        5. At the same time Thumbtack claims that it was obtaining consumer reports for
2 employment purposes, Thumbtack has also contended that the consumer reports were not for
3 employment purposes at all. To the extent Thumbtack contends that the consumer reports were not
4 obtained for employment purposes, Thumbtack lacked a permissible purpose to obtain consumer
5 reports, and consequently violated state and federal law.

6        6. Plaintiff, individually and on behalf of all other members of the public similarly
7 situated, seeks compensatory and punitive damages due to Thumbtack's systematic and willful
8 violation of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*; the
9 Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 *et seq.*; and
10 California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*

11                                         **PARTIES**

12        7. At all times mentioned herein, Defendant THUMBTACK, INC., was and is a
13 Delaware corporation doing business in San Francisco County, California.

14        8. At all times mentioned herein Plaintiff was and is a resident of the State of Florida.

15        9. Plaintiff is unaware of the true names and capacities of defendants sued herein as
16 DOES 1 through 10, inclusive, and therefore sues those defendants by those fictitious names.
17 Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.
18 Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named
19 defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries
20 and damages, as alleged, are proximately caused by those occurrences.

21        10. Plaintiff is informed and believes and on that ground alleges that, at all relevant
22 times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling
23 shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in
24 interest of some or all of the other Defendants, and was engaged with some or all of the other
25 Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the
26 other Defendants so as to be liable for their conduct with respect to the matters alleged below.
27 Plaintiff is informed and believes and on that ground alleges that each Defendant acted pursuant to
28 and within the scope of the relationships alleged above, and that each knew or should have known

CLASS ACTION COMPLAINT

1  about and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all
2  Defendants.

3      11. Venue as to Defendants is proper in this judicial district pursuant to Code of Civil
4  Procedure § 395.5 because Defendant Thumbtack's principal place of business is situated in San
5  Francisco County, State of California, and because Thumbtack's terms of use permit and require all
6  actions to be brought before courts exclusively in San Francisco County.

7                          **FACTUAL BACKGROUND**

8      12. Defendants' website connects users with professionals offering various services.
9  Users describe the projects for which they require the assistance of a service professional.  Service
10  professionals can bid on these projects.  In order to bid on a project, service professionals must use
11  credits, which they purchase from Defendants.

12      13. Defendants advertise the platform to service professionals as a place where they can
13  develop their businesses.  Indeed many service professionals, including Plaintiff, have developed
14  profitable businesses primarily or wholly through thumbtack.com.

15      14. Although Defendants do not purport to hire or employ service professionals,
16  Defendants have a policy or practice of obtaining consumer reports on service professionals.

17      15. Under the state and federal law it is unlawful to procure, or cause to be procured, a
18  consumer report for employment purposes unless a disclosure is made in a document that consists
19  solely of the disclosure that a consumer report may be obtained for employment purposes and the
20  applicant or employee authorizes, in writing, the procurement of the report.  15 U.S.C. §
21  1681b(b)(2)(A)(i)-(ii); Cal. Civ. Code § 1786.16(a)(2)(B) ("The person procuring or causing the
22  report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time
23  before the report is procured or caused to be made in a document that consists solely of the
24  disclosure[.]").

25      16. In or around October 2015 Thumbtack obtained a consumer report on Plaintiff using
26  Checkr, a consumer reporting agency.

27      17. However, Thumbtack failed to provide Plaintiff, and upon information and belief
28  numerous other service professionals, with the requisite disclosure that a consumer report or

CLASS ACTION COMPLAINT

1  investigative consumer reports might be procured for employment purposes and failed to obtain the
2  requisite authorization before obtaining consumer reports or investigative consumer reports.

3    18. Moreover, Thumbtack failed to include the name, address, and telephone number of
4  the investigative consumer reporting agency conducting the investigation; the nature and scope of
5  the investigation, including a summary of the provisions of Cal. Civ. Code § 1786.22 (regarding the
6  consumer's right to inspect files); and the website address of the investigative consumer reporting
7  agency or the telephone number of the agency where the consumer may find information about the
8  investigative reporting agency's privacy practices. *See* Cal. Civ. Code § 1786.16(a)(2)(B)(iv)-(vi).

9    19. Thumbtack also failed to provide to the consumer with a means by which the
10  consumer may indicate on a written form, by means of a box to check, that the consumer wishes to
11  receive a copy of any report that is prepared, as required under Cal. Civ. Code § 1786.16(b)(1).

12    20. Shortly after obtaining a consumer report on Plaintiff, Thumbtack deactivated his
13  account, in October 2015.  Before doing so Thumbtack failed to provide Plaintiff, and upon
14  information and belief other service professionals, with copies of their consumer reports, as required
15  under 15 U.S.C. § 1681b(b)(3)(A).  Indeed Thumbtack refused to provide Plaintiff with a copy of
16  his background report even after he requested it.

17    21. Additionally, following adverse action, and after a reasonable period of time,
18  Thumbtack did not provide a separate post-adverse action notice that included the contact
19  information of the consumer reporting agency that supplied the report; a statement that the agency
20  supplying the report did not make the decision to take the unfavorable action and cannot give
21  specific reasons for the action; and a notice of the service professional's right to dispute the accuracy
22  of the information furnished by the consumer reporting agency and that a free additional report is
23  available from the agency if the person asks for it within 60 days, among other requirements under
24  section 1681m(a) of the FCRA.

25    22. Thumbtack also failed to provide Plaintiff and upon information and belief other
26  consumers with the name and address of the investigative consumer reporting agency upon the
27  denial of employment, as required under Cal. Civ. Code § 1786.40(a).

28  ///

CLASS ACTION COMPLAINT

23. To the extent that Thumbtack contends that it did not procure consumer reports on service professionals for employment purposes, it lacked a permissible purpose under the FCRA or ICRAA. *See* 15 U.S.C. § 1681b; Cal. Civ. Code § 1786.12.

24. To the extent that Thumbtack contends that it did not procure consumer reports on service professionals for employment purposes, it obtained consumer reports under false pretenses, in violation of the FCRA, 15 U.S.C. § 1681q.

25. To the extent that Thumbtack contends that it did not procure consumer reports on service professionals for employment purposes, it failed to accurately certify to the consumer reporting agency the purpose for which the consumer report was authorized to be furnished under section 1681b(a), in violation of 15 U.S.C. §§ 1681b(f), 1681e(a), and Cal. Civ. Code § 1786.16(a)(4).

26. To the extent that Thumbtack contends that it did not procure consumer reports on service professionals for employment purposes, any purported disclosure that Thumbtack provided to service professionals, along with any purported authorization obtained from them, was invalid because service professionals were misinformed about the reason Thumbtack was obtaining their consumer report and therefore did not provide their consent to Thumbtack under 15 U.S.C. § 1681b(a)(2); Cal. Civ. Code § 1786.12(c).

27. Checkr is a consumer reporting agency under the FCRA; it receives monetary fees from its customers in exchange for assembling information on consumers for the purpose of furnishing consumer reports to third parties, and provides such reports using the facilities of interstate commerce, including the mail and the internet, for the purpose of preparing and furnishing such reports.

28. As a consumer reporting agency, Checkr is prohibited from furnishing consumer reports without the procurer of the report having a permissible purpose and having truthfully certified such purpose. *See* 15 U.S.C. § 1681b(a)(prohibiting the furnishing of consumer reports to a user without a permissible purpose) and 15 U.S.C. § 1681e(a)(prohibiting the furnishing of consumer reports without the procurer having certified its permissible purpose).

///

29. Where the permissible purpose is "employment purposes," the user must certify to the consumer reporting agency that it has received written authorization from the subject of the consumer report and has provided a stand-alone disclosure to the subject of the report indicating that a report may be procured, and that it will provide pre-adverse action notice in the event that it intends to take adverse action based in whole or in part on the report.

30. To the extent Thumbtack used the reports for a purpose other than the purpose that it certified to Checkr, Thumbtack violated 15 U.S.C. § 1681b(f), which requires that users of consumer reports certify their permissible purpose for obtaining the reports.

31. The violations outlined above and throughout this Complaint were willful and/or reckless in that Thumbtack knew or reasonably should have known that their conduct violated the law because of, *inter alia*, the express language of the applicable statutes, FTC guidance and reports that pre-dated Defendants' conduct, communications and/or consultations with one or more consumer reporting agencies knowledgeable about state and federal consumer-reporting requirements, and dedicated human resources and in-house and outside counsel.

32. Indeed Thumbtack was aware of the FCRA and was aware or should have been aware of its obligations thereunder because it explicitly references the statute in its terms of use.

33. Moreover, Thumbtack obtained consumer reports from Checkr, a company whose primary business is the sale of consumer reports. The Checkr website is replete with information relating to consumer-reporting requirements, and its customer agreement, which upon information and belief Thumbtack agreed to, discusses both federal and state consumer-reporting requirements. Consequently, Thumbtack was aware or should have been aware of its legal obligations. Nevertheless Thumbtack systematically violated the law, as alleged herein.

## CLASS ALLEGATIONS

34. Plaintiff brings this action as a class action pursuant to Cal. Civ. Code § 382 on behalf of the following class:

> All service professionals in the United States on whom Thumbtack obtained a consumer report or investigative consumer report within the longest applicable limitations period through December 10, 2015 ("Improper Authorization Class").

35. Plaintiff's second proposed class consists of and is defined as follows:

> All service professionals in the United States on whom Thumbtack took adverse employment actions based in whole or in part on information contained in a consumer report or investigative consumer report within the longest applicable limitations period through December 10, 2015 ("Adverse Action Class").

36. Members of the classes, as described above, will be referred to as "class members." Excluded from the classes are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the judge to whom this case is assigned and the judge's staff.   Plaintiff reserves the right to amend the above classes and to add additional classes as appropriate based on investigation, discovery, and the specific theories of liability.

37. Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

38. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the classes are easily ascertainable.

### A.    Numerosity

39. Although the precise number of class members has not been determined at this time, Plaintiff estimates that the classes consists of more than one hundred members and that the identity of such persons is readily ascertainable by inspection of Defendants' records.   Therefore it is reasonable that the class members are so numerous that joinder is impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

### B.    Common Questions Predominate

40. There are questions of law and fact common to the classes that predominate over any questions affecting only individual putative class members.   Thus proof of a common set of facts will establish the right of each class member to recovery.   These common questions of law and fact include but are not limited to:

///

7

a. Whether Thumbtack obtained consumer reports on service professionals for employment purposes;

b. Whether Thumbtack provides service professionals with a standalone disclosure before obtaining consumer reports for employment purposes;

c. Whether Thumbtack obtained a valid authorization under the FCRA and ICRAA before obtaining consumer reports for employment purposes;

d. Whether Thumbtack violated section 1681b(b)(3)(A) of the FCRA by failing to provide service professionals with copies of their consumer reports before taking adverse action;

e. Whether Thumbtack failed to provide Plaintiff and other consumers with the name and address of the investigative consumer reporting agency upon the denial of employment, as required under Cal. Civ. Code § 1786.40(a);

f. Whether Thumbtack failed to provide to the consumer with a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared, as required under Cal. Civ. Code § 1786.16(b)(1);

g. Whether Thumbtack failed to provide a post-adverse action notice as required under section 1681m(a) of the FCRA;

h. Whether Thumbtack lacked a permissible purpose to obtain a consumer report or investigative consumer report;

i. Whether Thumbtack obtained consumer reports and investigative consumer reports under false pretenses;

j. Whether Thumbtack failed to certify or accurately certify a permissible purpose for obtaining consumer reports or investigative consumer reports to Checkr and/or other consumer reporting agencies or investigative consumer reporting agencies; and

k. Whether Defendants' conduct described herein constitutes a violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

8

CLASS ACTION COMPLAINT

**C.      Typicality**

41. Plaintiff's claims are typical of the claims of the putative class members.  Plaintiff and each class member sustained similar injuries arising out of Defendants' conduct in violation of law.  The injuries of each class member were caused directly by Defendants' wrongful conduct.  In addition, the factual underpinning of Defendants' misconduct is common to all putative class members and represents a common thread of misconduct resulting in injury to all class members.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the class members and are based on the same legal theories.

**D.      Adequacy**

42. Plaintiff will fairly and adequately represent and protect the interests of the classes.  Counsel who represent Plaintiff and putative class members are experienced and competent in litigating class actions.

**E.      Superiority of Class Action**

43. A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of putative class members is not practicable, and questions of law and fact common to putative class members predominate over any questions affecting only individual putative class members.  Each putative class member has been damaged and is entitled to recovery as a result of the violations alleged herein.  Moreover, because the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the classes to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

///

///

///

CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT,

## 15 U.S.C. § 1681b(b)(2)(A)

### *(Brought on Behalf of the Improper Authorization Class against Thumbtack)*

44. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

45. Thumbtack is a "person" as defined by Section 1681a(b) of the FCRA.

46. Plaintiff and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

47. Section 1681b(b)(2)(A) of the FCRA provides, in relevant part:

(b) Conditions for furnishing and using consumer reports for employment purposes.

...

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added.)

48. As alleged above, Thumbtack violates Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and class members with a clear and conspicuous written disclosure before a consumer report is procured or caused to be procured that a consumer report may be obtained for employment purposes in a document that consists solely of the disclosure.

49. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Thumbtack has a policy and practice of failing to provide adequate written disclosures to applicants and employees before procuring consumer reports or

10

1  causing consumer reports to be procured.  Pursuant to that policy and practice, Thumbtack procured
2  consumer reports or caused consumer reports to be procured for Plaintiff and class members without
3  first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

4       50. As alleged above, Thumbtack's conduct in violation of Section 1681b(b)(2)(A) of
5  the FCRA was and is willful in that Thumbtack acted in deliberate or reckless disregard of its
6  obligations and the rights of service professionals, including Plaintiff and class members.

7       51. As a result of Thumbtack's illegal procurement of background reports by way of its
8  inadequate disclosures, as set forth above, Plaintiff and class members have been injured, including,
9  but not limited to, by having their privacy and statutory rights invaded in violation of the FCRA.

10       52. Plaintiff, on behalf of himself and all class members, seeks all available remedies
11  pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive
12  damages, injunctive and equitable relief, and attorneys' fees and costs.

13       53. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff
14  alleges that the violations were negligent and seeks the appropriate remedy under 15 U.S.C. Section
15  1681o.

16  <div align="center">**SECOND CAUSE OF ACTION**</div>

17  <div align="center">**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b(b)(3)(A)**</div>

18  <div align="center">*(Brought on Behalf of the Adverse Action Class against Thumbtack)*</div>

19       54. Plaintiff hereby incorporates by reference the allegations contained in this
20  Complaint.

21       55. Section 1681a(k)(1)(B)(ii) of the FCRA defines "adverse action" as "a denial of
22  employment or any other decision for employment purposes that adversely affects any current or
23  prospective employee."

24       56. Section 1681b(b)(3)(A) of the FCRA requires that anyone attempting to take any
25  adverse action based in whole or in part on a consumer report must first "provide to the consumer
26  to whom the report relates a copy of the report; and a description in writing of the rights of the
27  consumer under this subchapter, as prescribed by the [Bureau of Financial Protection] under section
28  1681g(c)(3) of this title," i.e., the FCRA Summary of Rights promulgated by the FTC and Bureau

<div align="center">11</div>

1 | of Financial Protection.

2 | 57. Based upon the facts likely to have evidentiary support after a reasonable opportunity
3 | for further investigation and discovery, Thumbtack has a policy and practice of taking adverse
4 | actions against applicants and employees based in whole or in part on a consumer report, without
5 | first providing them with a copy of the consumer report or a current version of the FCRA Summary
6 | of Rights promulgated by the FTC and Bureau of Financial Protection.

7 | 58. At all relevant times herein, Thumbtack, pursuant to the policy and practice described
8 | above, took adverse action against Plaintiff and class members based in whole or in part on a
9 | consumer report, without first providing (1) a copy of the consumer report(s) used and/or (2) a
10 | written description of the rights of the consumer, i.e., the FCRA Summary of Rights promulgated
11 | by the FTC and Bureau of Financial Protection.

12 | 59. As alleged above, Thumbtack's conduct in violation of Section 1681b(b)(3)(A) of
13 | the FCRA was and is willful in that Thumbtack acted in deliberate or reckless disregard of its
14 | obligations and the rights of applicants and employees, including Plaintiff and class members.

15 | 60. As a result of Thumbtack's inadequate disclosures prior to taking adverse action
16 | against Plaintiff and class members, Plaintiff and class members have been injured because, among
17 | other reasons, Thumbtack violated their statutory rights.

18 | 61. Plaintiff, on behalf of himself and all class members, seeks all available remedies
19 | pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive
20 | damages, injunctive and equitable relief, and attorneys' fees and costs.

21 | 62. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff
22 | alleges that the violations were negligent and seeks the appropriate remedy under 15 U.S.C. § 1681o.

23 | ### THIRD CAUSE OF ACTION
24 | ### VIOLATION OF THE FAIR CREDIT REPORTING ACT,
25 | ### 15 U.S.C. § 1681m(a)
26 | ### *(Brought on Behalf of the Adverse Action Class against Thumbtack)*
27 | 63. Plaintiff hereby incorporates by reference the allegations contained in this
28 | Complaint.

12

64. Section 1681m(a) provides, in relevant part:

(a) Duties of users taking adverse actions on basis of information contained in consumer reports

*If any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report, the person shall—*

(1) *provide oral, written, or electronic notice of the adverse action to the consumer;*

(2) provide to the consumer written or electronic disclosure—

(A) of a numerical credit score as defined in section 1681g (f)(2)of this title used by such person in taking any adverse action based in whole or in part on any information in a consumer report; and

(B) of the information set forth in subparagraphs (B) through (E) of section 1681g (f)(1) of this title;

(3) *provide to the consumer orally, in writing, or electronically—*

(A) *the name, address, and telephone number of the consumer reporting agency* (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person; and

(B) *a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken;* and

(4) *provide to the consumer an oral, written, or electronic notice of the consumer's right—*

(A) *to obtain, under section 1681j of this title, a free copy of a consumer report* on the consumer from the consumer reporting agency referred to in paragraph (3), which notice shall include an indication of the 60-day period under that section for obtaining such a copy; and

(B) *to dispute, under section 1681i of this title, with a consumer reporting agency the accuracy or completeness of any information in a consumer report* furnished by the agency. (Emphasis added.)

65. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Thumbtack has a policy and practice of taking adverse actions against applicants and employees based in whole or in part on a consumer report without providing the following information: notice of the adverse action; the contact information of the consumer reporting company that furnished the report; a statement that the consumer reporting

13

1  agency did not make the decision to take the adverse action and is unable to provide the consumer
2  the specific reasons why the adverse action was taken; notice of the consumer's right to obtain a
3  free copy of the consumer report from the consumer reporting agency within 60 days; and the right
4  to dispute inaccurate or incomplete information in the consumer report with the consumer reporting
5  agency.

6          66. At all relevant times herein, Thumbtack, pursuant to the policy and practice described
7  above, took adverse action against Plaintiff and class members based in whole or in part on a
8  consumer report without providing the foregoing information.

9          67. As alleged above, Thumbtack's conduct in violation of section 1681m(a) of the
10  FCRA was and is willful in that Thumbtack acted in deliberate or reckless disregard of its
11  obligations and the rights of applicants and employees, including Plaintiff and class members.

12          68. As a result of Thumbtack's inadequate disclosures subsequent to taking adverse
13  action against Plaintiff and class members, Plaintiff and class members have been injured in that,
14  among other reasons, Thumbtack violated their statutory rights.

15          69. Plaintiff, on behalf of himself and all class members, seeks all available remedies
16  pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive
17  damages, injunctive and equitable relief, and attorneys' fees and costs.

18          70. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff
19  alleges that the violations were negligent and seeks the appropriate remedy under 15 U.S.C. § 1681o.

20                                    **FOURTH CAUSE OF ACTION**

21  **VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING**

22                **AGENCIES ACT, CAL. CIV. CODE § 1786.16(b)**

23          *(Brought on Behalf of the Improper Authorization Class against Thumbtack)*

24          71. Plaintiff hereby incorporates by reference the allegations contained in this
25  Complaint.

26          72. Thumbtack is a "person" as defined by Cal. Civ. Code § 1786.2(a).

27          73. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a
28  consumer report in which information on a consumer's character, general reputation, personal

                                                    14

characteristics, or mode of living is obtained through any means."

74. Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

75. Section 1786.16(a)(2) of the ICRAA provides in relevant part as follows:

(2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

…

(B) The person procuring or causing the report to be made provides a ***clear and conspicuous disclosure*** in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) ***Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.***

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency*** identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012. (Emphasis added.)

15

CLASS ACTION COMPLAINT

76. Thumbtack violated Section 1786.16(a)(2)(B) of the ICRAA by failing to provide the foregoing disclosure to service professionals.

77. Furthermore, section 1786.16(b)(1) of the ICRAA provides, in relevant part:

(b) Any person described in subdivision (d) of Section 1786.12 who requests an investigative consumer report, in accordance with subdivision (a) regarding that consumer, shall do the following:

(1) Provide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared. If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that the report is provided to the recipient, who may contract with any other entity to send a copy to the consumer. The notice to request the report may be contained on either the disclosure form, as required by subdivision (a), or a separate consent form. The copy of the report shall contain the name, address, and telephone number of the person who issued the report and how to contact them.

78. Thumbtack violated Section 1786.16(b)(1) by failing to provide Plaintiff and other consumers a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared.

79. On information and belief, and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Thumbtack had and has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for service professionals without providing the required disclosures under Cal. Civ. Code § 1786.16(a)(2)(B) and by failing to provide Plaintiff and other consumers a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared, as required under Cal. Civ. Code 1786.16(b)(1).

80. Upon information and belief, Thumbtack also violated section 1786.16(a)(4) of the ICRAA, which provides that any person procuring or causing the request to be made shall certify to the investigative consumer reporting agency that the person has made the applicable disclosures under section 1786.16 and that the person will comply with subdivision (b).

81. Thumbtack's conduct as described herein was willful, reckless, or grossly negligent, as alleged above.

1       82. As a result of Thumbtack's willful, reckless, or grossly negligent conduct as alleged

2 above, Plaintiff and class members have been injured in that Thumbtack violated their rights under

3 the ICRAA.

4       83. Plaintiff, on behalf of himself and all class members, seeks all available remedies

5 pursuant to Cal. Civ. Code § 1786.50 including actual damages, punitive damages, and attorneys'

6 fees and costs.

7 <div align="center">**FIFTH CAUSE OF ACTION**</div>

8 <div align="center">**VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING**</div>

9 <div align="center">**AGENCIES ACT, CAL. CIV. CODE § 1786.40(a)**</div>

10 <div align="center">***(Brought on Behalf of the Adverse Action Class against Thumbtack)***</div>

11       84. Plaintiff hereby incorporates by reference the allegations contained in this

12 Complaint.

13       85. Cal. Civ. Code § 1786.40(a) provides in pertinent part as follows:

14       Whenever insurance for personal, family, or household purposes, employment, or the hiring of a dwelling unit involving a consumer is denied, or the charge

15 for that insurance or the hiring of a dwelling unit is increased, under circumstances in which a report regarding the consumer was obtained from an

16 investigative consumer reporting agency, the user of the investigative consumer report shall so advise the consumer against whom the adverse action has been

17 taken and supply the name and address of the investigative consumer reporting agency making the report.

18

19       86. Thumbtack violated this section of the ICRAA by failing to provide Plaintiff and

20 upon information and belief other consumers with the name and address of the investigative

21 consumer reporting agency upon the denial of employment.

22       87. As a direct and proximate cause of Thumbtack's conduct, Plaintiff and other

23 members of the putative class have suffered injury, including the violation of their statutory rights.

24       88. Thumbtack's conduct as described herein was willful, reckless, or grossly negligent,

25 as alleged above.

26       89. Plaintiff, on behalf of himself and all class members, seeks all available remedies

27 pursuant to Cal. Civ. Code § 1786.50 including actual damages, punitive damages, and attorneys'

28 fees and costs.

<div align="center">17</div>

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT,

### 15 U.S.C. § 1681b(a)

*(Brought on Behalf of the Improper Authorization Class against Thumbtack)*

90. Plaintiff hereby incorporates by reference the allegations contained in this Complaint. Plaintiff alleges this cause of action in the alternative to causes of action one through five.

91. Section 1681b lists the permissible purposes for obtaining a consumer report under the FCRA.

92. As alleged above, to the extent that Thumbtack contends that it did not procure consumer reports on service professionals for employment purposes, Thumbtack lacked a permissible purpose under the FCRA.

93. As a direct and proximate cause of this conduct, Thumbtack violated the statutory rights of Plaintiff and other members of the putative class.

94. As alleged above, Thumbtack's conduct herein was willful.

95. Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

96. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy under 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING

### AGENCIES ACT, CAL. CIV. CODE § 1786.12

*(Brought on Behalf of the Improper Authorization Class against Thumbtack)*

97. Plaintiff hereby incorporates by reference the allegations contained in this Complaint. Plaintiff alleges this cause of action in the alternative to causes of action one through five.

///

CLASS ACTION COMPLAINT

1      98. Section 1786.12 lists the permissible purposes for obtaining a consumer report under

2  the ICRAA.

3      99. As alleged above, to the extent that Thumbtack contends that it did not procure

4  consumer reports on service professionals for employment purposes, Thumbtack lacked a

5  permissible purpose under the ICRAA.

6      100. As a direct and proximate cause of Thumbtack's conduct, Plaintiff and other

7  members of the putative class have suffered injury, including the violation of their statutory rights.

8      101. Thumbtack's conduct as described herein was willful, reckless, or grossly

9  negligent, as alleged above.

10      102. Plaintiff, on behalf of himself and all class members, seeks all available remedies

11  pursuant to Cal. Civ. Code § 1786.50 including actual damages, punitive damages, and attorneys'

12  fees and costs.

13  **EIGHTH CAUSE OF ACTION**

14  **VIOLATION OF THE FAIR CREDIT REPORTING ACT,**

15  **15 U.S.C. §§ 1681b(f), 1681e(a), 1681q**

16  ***(Brought on Behalf of the Improper Authorization Class against Thumbtack)***

17      103. Plaintiff hereby incorporates by reference the allegations contained in this

18  Complaint. Plaintiff alleges this cause of action in the alternative to causes of action one through

19  five.

20      104. Section1681(b)(f) of the FCRA prohibits a person from using or obtaining a

21  consumer report for any purposes unless the purpose is certified in accordance with section 1681e

22  by a prospective user of the consumer report.

23      105. Section 1681e(a) of the FCRA requires prospective users of the information in

24  consumer reports to identify themselves, certify the purposes for which the information is sought,

25  and certify that the information will be used for no other purpose.

26      106. To the extent that Thumbtack contends that it did not procure consumer reports on

27  service professionals for employment purposes, it failed to accurately certify to the consumer

28  reporting agency the purpose for which the consumer report was authorized to be furnished under

1 section 1681b(a), in violation of 15 U.S.C. §§ 1681b(f), 1681e(a).

2      107. Moreover, to the extent that Thumbtack contends that it did not procure consumer

3 reports on service professionals for employment purposes, it obtained consumer reports under false

4 pretenses, in violation of the FCRA, 15 U.S.C. § 1681q.

5      108. As a direct and proximate cause of this conduct, Thumbtack violated the statutory

6 rights of Plaintiff and other members of the putative class.

7      109. As alleged above, Thumbtack's conduct herein was willful.

8      110. Plaintiff, on behalf of himself and all class members, seeks all available remedies

9 pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive

10 damages, and attorneys' fees and costs.

11      111. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

12 alleges that the violations were negligent and seeks the appropriate remedy under 15 U.S.C. § 1681o.

13                          **NINTH CAUSE OF ACTION**

14              **VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.***

15      *(Brought on Behalf of the Improper Authorization and Adverse Action Classes against*

16                                      *Thumbtack)*

17      112. Plaintiff hereby incorporates by reference the allegations contained in this

18 Complaint.

19      113. California's Unfair Competition Law ("UCL"), California Business & Professions

20 Code § 17200 *et seq.*, protects both consumers and competitors by promoting fair competition in

21 commercial markets for goods and services. The UCL prohibits any unlawful, unfair or fraudulent

22 business act or practice. A business practice need only meet one of the three criteria to be considered

23 unfair competition. An unlawful business practice is anything that can properly be called a business

24 practice and that at the same time is forbidden by law.

25      114. As described above, Defendants have violated the unlawful prong of the UCL in

26 that Defendants' conduct violated numerous provisions of the FCRA and ICRAA.

27      115. Defendants have violated the unfair prong of the UCL in that it gained an unfair

28 business advantage by failing to comply with state and federal mandates in conducting background

CLASS ACTION COMPLAINT

1  checks and otherwise taking the necessary steps to adhere to the FCRA and ICRAA. Further, any
2  utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and
3  putative class members because the conduct offends public policy.

4        116. Defendants also violated the fraudulent prong of the UCL by luring service
5  professionals into developing their businesses through Thumbtack without properly disclosing to
6  them that Thumbtack would obtain consumer reports and investigative consumer reports on them
7  and deactivate their accounts based thereon and forbid them from working for any businesses having
8  accounts with Thumbtack.

9        117. As a result of Defendants' conduct described herein and their willful violations of
10 California Business & Professions Code Section 17203, Plaintiff and the classes have lost money
11 and property as described herein.

12        118. Pursuant to California Business & Professions Code Section 17203, Plaintiff seeks
13 an order enjoining Defendants from continuing to engage in the unfair and unlawful conduct
14 described herein and other equitable relief, including but not limited to restitution.

15                        **PRAYER FOR RELIEF**

16        WHEREFORE, Plaintiff, on behalf of himself and on behalf of the other members of the
17 putative classes, prays as follows:

18        A.      For an order certifying that this action is properly brought and may be maintained as
19 a class action, that Plaintiff be appointed the class representative, and that Plaintiff's counsel be
20 appointed counsel for the classes;

21        B.      For a declaration that Defendants' practices violate the FCRA, ICRAA, and UCL;

22        C.      For an award of statutory, compensatory, special, general, and punitive damages
23 according to proof against Defendants;

24        D.      For an award of appropriate equitable relief, including but not limited to an injunction
25 forbidding Defendants from engaging in further unlawful conduct in violation of the FCRA,
26 ICRAA, and UCL, and restitution;

27        E.      For an order awarding reasonable attorneys' fees and the costs of suit herein,
28 including an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o,

1  California Civil Code §1786.50, and California Code of Civil Procedure § 1021.5;

2      F.     For an award of pre- and post-judgment interest; and

3      G.    For such other and further relief as may be deemed necessary or appropriate.

4  <div align="center">**JURY DEMAND**</div>

5      Plaintiff hereby demands a jury trial on all issues so triable.

6

7  DATED:    March 16, 2016          COUNSELONE, PC

8

9                                   By _____

10                                    Anthony J. Orshansky
   Alexandria R. Kachadoorian

11                                    Justin Kachadoorian
   Attorneys for Plaintiff and the Putative

12                                    Class

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">22</div>

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Anthony J. Orshansky (SBN 199364)/Justin Kachadoorian (SBN 260356)<br>CounselOne, PC<br>9301 Wilshire Boulevard, Suite 650<br>Beverly Hills, California 90210<br>TELEPHONE NO.: (310) 277-9945    FAX NO.: (424) 277-3727<br>ATTORNEY FOR *(Name)*: Plaintiff Michael Rhom | FOR COURT USE ONLY<br>**F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>MAR 22 2016<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

CASE NAME:
Rhom, et al. v. Thumbtack, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CGC 16-551067 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: CGC 16-5510<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) |    condemnation (14) |   above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) |   types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☑ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: 9
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 16, 2016
Justin Kachadoorian       ▶ _____
_____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CASE NUMBER: CGC-16-551067 MICHAEL RHOM VS. THUMBTACK, INC. A DELAWARE COR

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for:

**DATE:** **AUG-24-2016**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### <u>ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS</u>

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

*See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.*