UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RHOM,<br><br>    Plaintiff,<br><br>  v.<br><br>THUMBTACK, INC.,<br><br>    Defendant. | Case No. 16-cv-02008-HSG<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 33 |

   Pending before the Court is Plaintiff Michael Rhom's unopposed motion for preliminary approval of class action settlement, Dkt. No. 33 ("Mot."), which came before the Court for hearing on February 9, 2017, Dkt. No. 34. The parties filed a joint supplemental submission in support of the motion on February 16, 2017. Dkt. No. 35. The submission attached an amended settlement agreement, claim form, email notice, and website notice. Dkt. No. 35-1 & Exs. A–C. Having carefully considered these filings, as well as the arguments made at hearing, the Court hereby **GRANTS** the motion.

## I. PROVISIONAL CLASS CERTIFICATION

   If a district court concludes that the moving party has met its burden of proof under Federal Rule of Civil Procedure 23, then the court has broad discretion to certify the class. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended by* 273 F.3d 1266 (9th Cir. 2001). To meet that burden, the moving party must satisfy each of the four requirements of Rule 23(a) and at least one subsection of Rule 23(b). *Id.* Rule 23(a) provides that a district court may certify a class only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

United States District Court
Northern District of California

Fed. R. Civ. P. 23(a). That is, the class must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation to maintain a class action. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012). Moreover, where the plaintiff seeks to certify a class under Rule 23(b)(3), she must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, Plaintiff has shown that Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation are satisfied, as are Rule 23(b)(3)'s requirements of predominance and superiority.[1] Accordingly, the Court provisionally certifies a damages class under Rule 23(b)(3). Moreover, the Court appoints Plaintiff as the class representative and CounselOne, P.C. as class counsel, finding that the relevant requirements are satisfied. *See* Fed. R. Civ. P. 23(a)(4); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (requirements to satisfy Rule 23(a)(4)); Fed. R. Civ. P. 23(c)(1)(B) (appointment of class counsel); Fed. R. Civ. P. 23(g)(1) (factors to consider re: same).

## II.    PRELIMINARY SETTLEMENT APPROVAL

Having found provisional certification appropriate, the Court considers whether to grant preliminary approval of the proposed class action settlement under Rule 23(e). *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class may be settled . . . only with the court's approval.") "A district court may approve a proposed settlement in a class action only if the compromise is fundamentally fair, adequate, and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674–75 (9th Cir. 2008). Specifically, courts scrutinize whether the proposed settlement

---

[1] The settlement agreement allows class counsel to request an incentive award of up to $5,000 for the class representative, Dkt. No. 35-1 ¶ 8.2, which raises potential concerns regarding the adequacy of representation. If presented with such a request at the final approval hearing, the Court will consider various factors to determine whether approval is warranted. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (actions plaintiff took to protect class's interests, how much class benefited from such actions, and time and effort expended by plaintiff). In so doing, the Court will also be guided by the Ninth Circuit's declaration that "district courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives." *See Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013).

(1) appears to be the product of serious, informed, non-collusive negotiations; (2) does not grant improper preferential treatment to class representatives or other segments of the class; (3) falls within the range of possible approval; and (4) has no obvious deficiencies. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). Finally, where the parties reach a class action settlement prior to class certification, as they did here, the district courts apply "a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (internal quotations marks omitted). Here, having rigorously scrutinized the settlement agreement in light of the higher standard of fairness that applies, the Court preliminarily finds that the proposed settlement is fair, adequate, and reasonable on its face, and that all four *Tableware* factors weigh in favor of preliminary approval.[2]

## III.    PROPOSED CLASS NOTICE PLAN

Class notice in a Rule 23(b)(3) class action must comport with the requirements of due process. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–77 & n.14 (1974). The notice must be "the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Philips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (internal quotation marks omitted). "The notice should describe the action and the plaintiffs' rights in it." *Id.* Rule 23(c)(2)(B) provides, in relevant part:

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Here, the Court finds that the notice plan described in the amended settlement agreement, *see* Dkt.

---

[2] With regard to the second factor, preferential treatment of class members, an incentive award of $5,000 for Plaintiff could raise substantial concerns in light of the an estimated settlement payment of only about $15.00. *See* Dkt. No. 35 at 2 (assuming a 10% claims rate). At this juncture, however, the Court need not weigh the impact of a request for an incentive award that has yet to be filed. At the final approval hearing, the Court will carefully consider any such request that is filed.

3

No. 35-1 ¶ 5.1, will provide the best practical notice to the class, and that the amended notices adequately describe the action and class members' rights and satisfy the seven requirements of Rule 23(c)(2)(B), *see* Dkt. No. 35-1 Exs. B–C. In addition, the Court finds that that the CPT Group is qualified to perform the tasks associated with administering the notice outlined in the settlement agreement and therefore approves CPT Group as the settlement administrator. *See* Dkt. No. 35-1 ¶¶ 1.29, 7.1.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for preliminary approval of class action settlement. The parties are **DIRECTED** to implement the proposed class notice plan.[3] The Court **SETS** the following schedule:

| Event | Date |
|---|---|
| Deadline to Execute Notice Plan | June 11, 2017 |
| Deadline to File Motion for Fees, Costs, and Incentive Award | June 27, 2017 |
| Deadline for Class Members to File Objections / Opt Out | July 11, 2017 |
| Deadline for Claims Administrator to File List of Timely Requests for Exclusion | July 26, 2017 |
| Deadline to File Motion for Final Approval of Class Action Settlement[4] | September 7, 2017 |
| Deadline for Class Members to File Notice of Intent to Appear at Final Approval Hearing | September 21, 2017 |
| Final Approval Hearing[5] | October 12, 2017, at 2:00 p.m. |

**IT IS SO ORDERED.**

Dated:   5/12/2017

*Haywood S. Gilliam Jr.*
_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Although the *cy pres* provision has been removed from the settlement agreement, *see* Dkt. No. 35-1 ¶ 3.1.3, and the email notice, *see id.* Ex. B at 2, the latter still contains "*Cy Pres* Recipients" as one of the links, *see id.* Ex. B at 3. That error should be corrected. In addition, the website notice should be revised to reflect that the undersigned judge changed locations after the parties filed their joint supplemental submission. *See* Dkt. No. 35-1, Ex. C at 11–12; Dkt. No. 68 (notice of change of location).

[4] Any responses to objections should be incorporated into the motion for final approval of class action settlement.

[5] At the final approval hearing, the Court will hear arguments not only as to the motion for final approval of class action settlement, but also as to the motion for fees, costs, and incentive award.